UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW PAUL BOROWSKI,

    Plaintiff,

v.

MAUREEN BAIRD, SARA REVELL,
KIMBERLY BECHELLI, MARK
SVENINGSON, and GRANT CRAWFORD,

    Defendant.

Case No. 16-cv-848-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 33) of Magistrate Judge Stephen C. Williams recommending that the Court grant the motion to dismiss Count 2 filed by defendants Maureen Baird and Sara Revell (Doc. 15), deny as moot Baird's motion for summary judgment on the issue of exhaustion of remedies (Doc. 28) and deny in part Borowski's motion for leave to amend his pleading to add additional defendants to Count 2. Borowski has objected to the Report (Doc. 40).

I.    **The Report and Objections**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Williams found as a matter of law that Borowski did not have a due process interest in the grievance procedure. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th

Cir. 2011) ("Prison grievance procedures . . . do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Consequently, Baird's or Revell's failure to respond to or provide a remedy for Borowski's grievance about not receiving a specific piece of mail on two occasions could not violate his due process rights.

In his objection, Borowski notes that the Court allowed Count 2 to proceed as a due process claim through its initial review under 28 U.S.C. § 1915A even knowing of and citing *Owens* at that time.

The Court has reviewed the matter *de novo* and will adopt Magistrate Judge Williams' Report with a few modifications. First, the Court has reviewed its September 7, 2016, order in which it conducted its § 1915A review and notes that the Court clearly stated at that time, "Prison grievance procedures and internal prison regulations do not give rise to a free standing Constitutional right. . . . Borowski has not stated a freestanding due process claim by simply identifying applicable prison procedures for screening mail. He does not have a protected interest in the prison's compliance with those procedures." Mem. & Order at 8-9 (Doc. 10). Thus, it rejected Borowski's due process claim.

The Court did, however, allow Borowski to proceed under a theory that his grievances may have put Baird and Revell on notice of the alleged constitutional violation pled in Count 1 such that they could be found to have satisfied the applicable state of mind requirement for a First Amendment violation. *See, e.g., Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015) (finding grievances may have alerted grievance processors to ongoing Eighth Amendment deliberate indifference violation sufficient to allow a finding that they were deliberately

2

indifferent to that violation). In retrospect, the Court should have expressly called this theory what it was – a claim against Baird and Revell based on their personal involvement in the First Amendment violation pled in Count 1 after being put on notice of the alleged violation by his grievance. However, Borowski has since learned that Baird and Revell did not personally participate in the denial of his grievance and, accordingly, has sought leave to amend his complaint to name the individuals who actually denied his request for a remedy (Doc. 25). Additionally, the Court has dismissed Count 1 against Baird and Revell in its initial review order for their lack of direct personal involvement in the rejection of his mail.

To remedy the imprecision in its prior order and to bring into this case the appropriate individuals, the Court will confirm its prior rejection of the due process claim in Count 2, as Magistrate Judge Williams recommends. However, it will allow Borowski to substitute for Baird and Revell in Count 1 the individuals he believes were personally involved in denying his remedy request – Jeffrey Powers, Amber Nelson and Ian Connors.

## II.  Review of Second Amended Complaint

The claims against Powers, Nelson and Connors based on the denial of Borowski's remedy request are subject to dismissal under § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out nonmeritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Borowski fails to state a claim against Powers, Nelson and Connors based on their personal involvement in the denial of his request for a remedy regarding his rejected mail. The alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). A defendant who "rul[es] against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). "Only persons who cause or participate in the violations are responsible." *Id*. at 609.

It is true that a defendant may be deemed to have caused or participated in an unconstitutional condition of confinement because he knows about the condition from reading a grievance and does not intervene to remedy the condition. *See Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017) (question of fact exists regarding deliberate indifference where warden knew of knee injury and took no action to investigate inmate's complaints about mistreatment or lack of treatment by medical staff); *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015) (prison officials may be deliberately indifferent where grievances alerted them to untreated or mistreated hand injury, but officials disregarded the risk). This type of personal involvement based on a failure to intervene is particularly prevalent in Eighth Amendment claims where the unconstitutional condition continues unremedied when the official learns about it and fails to take any reasonable action.

In this case, the rejection of Borowski's mail was over by the time Powers, Nelson and Connors learned about it from his remedy request. The wrongful conduct, if there was any, was completed, and those defendants had played no role in causing it. Thus, they cannot be liable for any violation and will be dismissed without prejudice for lack of personal involvement in any constitutional deprivation.

## III. Conclusion

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report (Doc. 33) as **MODIFIED** by this order;

- **GRANTS** Baird's and Revell's motion to dismiss Count 2 (Doc. 15);

- **DISMISSES** Count 2 **with prejudice**;

- **DENIES as moot** Baird's motion for partial summary judgment (Doc. 28);

- **GRANTS in part** and **DENIES in part** Borowski's motion for leave to amend his complaint (Doc. 25). The Clerk of Court is **DIRECTED** to file the Second Amended Complaint and exhibits tendered with the motion. The Court further **CONSTRUES** all defendants to be named only to the First Amendment claim in Count 1;

- **DISMISSES** Powers, Nelson and Connors from Count 1 **without prejudice** pursuant to 28 U.S.C. § 1915A(b); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

Baird, Revell, Powers, Nelson and Connors are terminated as parties to this case.

**IT IS SO ORDERED.**
**DATED: May 17, 2017**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**