UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW PAUL BOROWSKI,

    Plaintiff,

v.

MAUREEN P. BAIRD, *et al.*,

    Defendants.

Case No. 3:16-cv-00848-JPG-SCW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

    This is a First Amendment case against federal officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff Matthew Paul Borowski—a prisoner at the United States Penitentiary in Marion, Illinois—claims that prison officials violated his First Amendment rights when they confiscated some of his mail: specifically, a risqué "Straight Stuntin' Double Trouble 2016–18" calendar that Borowski ordered from an outside vendor. (ECF No. 47, p. 4.) Prison officials explained that several pages of the calendar had pictures of women with areolas, genitals, and the like visible—so they exercised their discretion pursuant to 28 C.F.R. §§ 540.71 and 540.72 to reject the calendar as sexually explicit material. (*Id.*) Borowski then sued, arguing that the publisher of the magazine informed him that the calendar contained no nudity and that Marion was the first federal facility to reject the calendar—an alleged violation of his First Amendment rights. (*Id.*)

    The defendants have now moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction—although the Court more correctly construes it under Rule 12(b)(6) for failure to state a claim, for the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 since it deals with a federal constitutional question—and

1

Magistrate Judge Williams advises this Court to grant that motion in his Report and Recommendation. (ECF Nos. 53, 62.) Because of Borowski's objection to Magistrate Judge Williams's Report, this Court has reviewed it *de novo*. FED. R. CIV. P. 72(b)(3); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). And as always with a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled allegations in the complaint and centers instead on whether the plaintiff has pled factual content that suggests that he has a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well established that the First Amendment protects a prisoner's ability to send and receive mail, with certain caveats related to the prison's legitimate penological interests. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). The problem for Borowski, however, is that he cannot bring this type of claim against *federal* officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Even though district courts used to routinely adjudicate these types of matters, the Supreme Court changed the game in *Ziglar v. Abbasi*, — U.S. —, 137 S.Ct. 1843 (2017). In *Ziglar*—a prisoner *Bivens* action dealing with the Fourth and Fifth Amendments—the Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. 137 S.Ct. at 1859-60. The idea is that since *Bivens* is an implied remedy for damages under Constitutional principles rather than a legislatively-created remedy like 42 U.S.C. § 1983, courts should not expand that remedy unless there are special circumstances at hand. *Id*. at 1854–55.

The Supreme Court then explained that they have only officially recognized *Bivens* theories in three scenarios: (1) Fourth Amendment unreasonable searches and seizures; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment deliberate indifference to medical needs. *Id*. at 1855–56 (citing *Bivens*, 403 U.S. at 397; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). This case—a First Amendment action dealing with a raunchy calendar—is none of those things, and even though federal courts used to adjudicate First Amendment *Bivens* actions all the time, the Court may no longer do so according to *Ziglar*. Especially considering that the Supreme Court said a few years before *Ziglar*: "We have never held that Bivens extends to First Amendment claims"—making it quite clear that the Supreme Court has not yet "officially recognized" a First Amendment *Bivens* claim. *Reichle v. Howards,* 566 U.S. at 663 n. 4 (2012).

There is one exception, however, as previously mentioned: whether there are "special factors" in this case that urge expanding *Bivens* here. These include questions like "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Id.* at 1858. And here, as Magistrate Judge Williams explains in his Report and Recommendation, Borowski has alternative avenues to obtain relief: he can go through the Bureau of Prison's administrative remedies program; he can file small claims under 31 U.S.C. § 3723 and 3724; he can file complaints with the Inspector General; and more. The Court does not believe it should turn this simple prison administrative issue regarding sexually explicit material into a lawsuit about money damages absent any sort of congressional action. Indeed, "[n]ationwide, district courts seem to be in agreement that, post-Abbasi, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." *Harris v. Dunbar*,

No. 217CV00536WTLDLP, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018) (collecting cases). This Court joins those hordes of other district courts in agreement.

## CONCLUSION

Accordingly, the Court:

- **ADOPTS** Magistrate Judge Williams's Report and Recommendation in regards to its analysis on the *Ziglar* issue (ECF No. 62);

- **OVERRULES** Borowski's objection to the Report (ECF No. 63);

- **GRANTS** the defendants' motion to dismiss Borowski's First Amendment claims (ECF No. 53);

- **REMINDS** Borowski that even though he filed a second-amended complaint that attempts to bring a Fifth Amendment due process claim against defendants Powers, Nelson, and Connors, the Court already dismissed that claim **WITH PREJUDICE** (ECF No. 45);

- **DISMISSES** this action **WITH PREJDICE**, and

- **DIRECTS** the Clerk of Court to judgment to enter accordingly.

**IT IS SO ORDERED.**

**DATED: DECEMBER 14, 2018**

<u>s/ *J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**